UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-cr-95 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CAMERON HARRIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Cameron Harris to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 139.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 146.) Harris did not file a reply. For the reasons set forth herein, the motion to vacate is **DENIED**.

I. BACKGROUND

On March 23, 2023, an indictment issued charging Harris with possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and conspiracy to distribute in violation of 21 U.S.C. § 846. (Doc. No. 26 (Superseding Indictment), at 1–2.)[1] The indictment alleged Harris's involvement in a conspiracy to traffic fentanyl and other controlled substances. (*Id.*) Harris was accused of possessing and conspiring to possess, "with intent to distribute[,] 400 grams or more of a mixture and substance containing a detectable amount of fentanyl[.]" (*Id.*)

Harris executed a written plea agreement. (Doc. No. 70 (Plea Agreement).) As relevant

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

here, Harris agreed that, before being apprehended, he attempted to elude law enforcement while driving on Interstate 71 ("I-71"). (*Id.* at 11.) Harris agreed that law enforcement pursued him for 15 miles, and that he "reached speeds over 120 [miles per hour] and drove in an extremely reckless manner." (*Id.*) He further agreed that, when he exited I-71, he "drove through a shopping plaza and struck a curb, causing the vehicle's tires to flatten[.]" (*Id.*) Harris stipulated that the computation of his sentencing range under the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") would include a two-level increase to his offense level for "Reckless Endangerment During Flight" under U.S.S.G. § 3C1.2. (*Id.* at 6.)

At Harris's change of plea hearing, the Court confirmed Harris's intent to plead guilty. (Doc. No. 143 (Change of Plea Trans.), at 2–3.) The Court confirmed that Harris was not under any mental condition or the influence of any substance that would interfere with his ability to understand the proceedings. (*Id.* at 6.) The Court confirmed that Harris reviewed the plea agreement with his attorney, and that he initialed each page of the plea agreement and signed its last page to indicate that he understood and agreed to the terms therein. (*Id.* at 6–8.) Harris stated he understood the rights he was waiving by pleading guilty. (*Id.* at 8–11.)

The Court next reviewed the plea agreement's sentencing provisions with Harris. Harris confirmed his understanding that he "agree[d] to recommend that the Court impose a guideline sentence in accordance with the computations and stipulations contained in this [plea] agreement[.]" (*Id.* at 15.) Counsel for the government next stated that the plea agreement "include[d] an additional enhancement for reckless endangerment during flight of plus two pursuant to U.S.S.G. [§] 3C1.2[.]" (*Id.* at 17.) The Court asked Harris if he understood this, and he responded, "[y]es, Your Honor." (*Id.*)

2

The first disclosure of the Presentence Investigation Report ("PSR") was filed on February 22, 2024 (Doc. No. 78 (First Disclosure PSR)), and the final revised PSR was filed on August 8, 2024. (Doc. No. 113 (Final Revised PSR).) The PSR consistently incorporated the stipulated offense level increase for reckless endangerment during flight under U.S.S.G. § 3C1.2. (Doc. No. 78, at 4, 7; Doc. No. 113, at 4, 7.) Ultimately, before any reductions, the Final Revised PSR assigned Harris an offense level of 40 (which included a base offense level of 38 based upon the quantity of drugs involved and the two-level increase for reckless endangerment during flight) and a criminal history category of II. (Doc. No. 113, at 8, 12, 19.) After applying all reductions, including a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), the Court determined that Harris' advisory guideline calculation was 151 – 188 months of imprisonment. (Doc. No. 155 (Sentencing Trans.), at 46–47.) Harris's attorney objected to portions of the PSR but did not object to the stipulated offense level increase under U.S.S.G. § 3C1.2. (*See generally* Doc. No. 103 (Objections).) The Court sentenced Harris to 151 months of imprisonment. (Doc. No. 144, at 61.)

On July 8, 2025, Harris filed the present motion. He asserts two grounds for relief: (1) that his offense level increase under U.S.S.G. § 3C1.2 was in error and (2) that Harris's counsel was ineffective for failing to object to said offense level increase. (Doc. No. 139-1 (Memorandum in Support of Motion).)

3

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. *See* 28 U.S.C. § 2255. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (citations omitted). A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *See id.* ("bare statement of conclusion" insufficient to entitle movant to

4

be heard); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) ("conclusional averments" with "no factual material upon which to test the validity of [such] conclusions" insufficient).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citing *Turner,* 183 F.3d at 477). But a petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008) (denying hearing where petitioner did not allege facts that, if true, would entitle petitioner to relief); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding evidentiary hearing "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at hearing); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf Valentine*, 488 F.3d at 334 (finding burden satisfied where petitioner "offers more than a mere assertion of his innocence; he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

### III. LAW AND DISCUSSION

#### A. Application of U.S.S.G. § 3C1.2

Harris argues (Doc. No. 139-1, at 2) that, because his flight from authorities did not, in fact, result in death or injury, the enhancement under U.S.S.G. § 3C1.2 for "creating a substantial risk of dea[th] or serious bodily injury" (Doc. No. 113, at 6) was in error. An error in the application of the Sentencing Guidelines is not cognizable under § 2255 absent a "complete miscarriage of justice." *See Johnson v. United States*, No. 2:10-cr-185, 2016 WL 5242960, at *2 (S.D. Ohio Sept. 22, 2016) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)), *report and recommendation adopted*, 2016 WL 6084018 (S.D. Ohio Oct. 17, 2016).

Here, the Court sees no miscarriage of justice. Section 3C1.2 applies when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" U.S.S.G. § 3C1.2. Notably, § 3C1.2 only requires substantial risk—not actual death or injury. *See United States v. Dial*, 524 F.3d 783, 788 (6th Cir. 2008). Sixth Circuit law "generally provides that high speed driving [] typically supports an endangerment finding [under U.S.S.G. § 3C1.2]." *United States v. Brooks*, No. 22-6066, 2024 WL 113790, at *2 (6th Cir. Jan. 10, 2024) (citations and quotation marks omitted); *see also United States v. Rapp*, 39 F. App'x 198, 201 (6th Cir. 2002) ("In this case defendant engaged in a high speed chase which itself created a substantial risk to other motorists."). Harris admitted in his plea agreement that he attempted to elude law enforcement, driving "extremely reckless[ly]" at speeds exceeding 120 miles per hour. (Doc. No. 70, at 11.) These admitted facts indicate a high speed chase posing a substantial risk of death or serious bodily injury, warranting application of U.S.S.G. § 3C1.2. Harris thus fails to establish any error, let alone a complete miscarriage of justice, in the

6

application of § 3C1.2.

### B. Ineffective Assistance of Counsel

Harris next asserts that his trial counsel was ineffective because he failed to object to the PSR's inclusion of a two-level increase under U.S.S.G. § 3C1.2. (Doc. No. 139-1, at 1–2.)[2] "To prevail on an ineffective-assistance-of-counsel claim, [a petitioner] must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020). Specifically, the petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Counsel cannot be deemed "ineffective [for] failing to raise a futile objection." *Biggs v. United States*, 3 F. App'x 445, 449 (6th Cir. 2001); *see also Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) ("because an objection . . . would have been futile, [movant] cannot show that his attorney was constitutionally 'ineffective' in failing to make such an objection." (citing *Strickland*, 466 U.S. at 687–96)).

Here, any objection to the application of § 3C1.2 would have been futile. In his plea agreement, Harris admitted to leading law enforcement on a 15-mile, high speed chase that took him on and off a major highway and through a shopping plaza. (Doc. No. 70, at 11.) Moreover, he explicitly agreed to a two-level enhancement under U.S.S.G. § 3C1.2 for "Reckless Endangerment

---

[2] Claims of ineffective assistance of counsel are properly raised for the first time in a § 2255 motion. *Spearman v. United States*, 43 F. App'x 906, 908 (6th Cir. 2002) ("[T]his court has consistently held that the proper vehicle for raising an ineffective assistance of counsel claim is . . . a motion to vacate under § 2255." (citation omitted)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003) ("a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

During Flight[.]" (*Id.* at 6.) An objection would have been both non-sensical and futile. *See Fairley v. United States*, 298 F. Supp. 2d 679, 685 (E.D. Mich. 2004) ("Petitioner stipulated to this enhancement, which was a part of his plea bargain. . . . Therefore, any objection by counsel to the enhancement would have been futile [.]" (citation omitted)). Harris's counsel was not ineffective for failing to lodge a futile objection. *See Taylor v. United States*, No. 3:12-cr-65, 2016 WL 3162060, at *3 (E.D. Tenn. June 3, 2016) ("To what could counsel have objected, since petitioner explicitly agreed that his offense level would be increased by four levels because of his managerial role in the conspiracy and his possession of a weapon? . . . Counsel was not ineffective for failing to object to the non-objectionable." (citation omitted)).

### C. Hearing

Finally, the Court finds an evidentiary hearing unnecessary. To obtain a hearing, Harris must allege facts that, if true, would entitle him to habeas relief. *See McSwain*, 287 F. App'x at 458. The factual crux of Harris's argument is that his flight from authorities involved no actual death or injury, thus rendering the two-level increase under U.S.S.G. § 3C1.2 inappropriate. (Doc. No. 139-1, at 2.) As discussed above, actual death and/or injury is not required under § 3C1.2. *See Dial*, 524 F.3d at 788. Thus, Harris's factual allegations, if true, would not entitle him to habeas relief and do not warrant a hearing.

### IV. CONCLUSION

For the foregoing reasons, Harris's motion to vacate, set aside, or correct his sentence (Doc. No. 139) is **DENIED**. Further, for the same reasons, the Court concludes that "jurists of reason" would not find it "debatable whether the petition states a valid claim of the denial of a constitutional right" or that the Court's findings are "correct[.]" *See Slack v. McDaniel*, 529 U.S.

473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Additionally, the Court has detailed above why Harris's grounds for relief are otherwise belied by the record such that "reasonable jurists" would not debate the Court's denial of his motion to vacate. *See id.* Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 29, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**